IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **ROGER S.,** ) | |
| ) | |
| Plaintiff ) | Civil Action No. 7:21-CV-360 |
| ) | |
| **v.** ) | |
| ) | |
| **KILOLO KIJAKAZI, Acting Commissioner** ) | |
| **of Social Security,** ) | By:  Michael F. Urbanski |
| ) | Chief United States District Judge |
| Defendant ) | |

## ORDER

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation (R&R) on August 4, 2022, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted, and the Commissioner's final decision be affirmed. Plaintiff Roger S. (Roger) has filed objections to the R&R and the Commissioner has filed a reply. As discussed more fully below, the court **ADOPTS** the R&R, ECF No. 19, and **AFFIRMS** the decision of the Commissioner. Roger's motion for summary judgment, ECF No. 14, is **DENIED** and the Commissioner's motion for summary judgment, ECF No. 18, is **GRANTED**.

## I. Legal Standards

### A. Objections to Magistrate Judge's Report and Recommendation

The objection requirement set forth in Rule 72(b) of the Federal Rules of Civil Procedure[1] is designed to "train[ ] the attention of both the district court and the court of appeals upon only those issues that remain in dispute after the magistrate judge has made findings and recommendations." United States v. Midgette, 478 F.3d 616, 621 (4th Cir. 2007) (citing Thomas v. Arn, 474 U.S. 140, 147–48 (1985)). An objecting party must do so "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Id. at 622. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) and Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "The district court is required to review de novo only those portions of the report to which specific objections have been made." Roach v. Gates, 417 F. App'x 313, 314 (4th Cir. 2011)

---

[1] "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b).

(per curiam). <u>See</u> <u>also</u> <u>Midgette</u>, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only 'those portions of the report or <u>specified</u> proposed findings or recommendations <u>to which objection is made</u>.'") Such general objections "have the same effect as a failure to object, or as a waiver of such objection." <u>Moon v. BWX Technologies</u>, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), <u>aff'd</u>, 498 F. App'x 268 (4th Cir. 2012). <u>See</u> <u>also</u> <u>Arn</u>, 474 U.S. at 154 ("[T]he statute does not require the judge to review an issue <u>de</u> <u>novo</u> if no objections are filed. . . .")

In the absence of a specific, proper, and timely filed objection, a court reviews an R&R only for "clear error" and need not give any explanation for adopting the R&R. <u>Carr v. Comm'r of Soc. Sec.</u>, No. 3:20-cv-00425-FDW-DSC, 2022 WL 987336, at *2 (W.D.N.C. Mar. 31, 2022) (citing <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) and <u>Camby v. Davis</u>, 718 F.2d 198, 200 (4th Cir. 1983)). <u>See</u> <u>also</u> <u>Laurie D. v. Saul</u>, No. 1:20-cv-831 (RDB/TCB), 2022 WL 1093265, at *1 (E.D. Va. Apr. 11, 2022) (quoting <u>Lee v. Saul</u>, No. 2:18-cv-214, 2019 WL 3557876, at *1 (E.D. Va. Aug. 5, 2019)) ("In the event a plaintiff's 'objections' merely restate her prior arguments, the Court 'need only review the Report and Recommendation using a 'clear error' standard.'") Thus, in the absence of an objection, a court need "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." <u>Diamond</u>, 416 F.3d at 315 (quoting Fed. R. Civ. P. 72 advisory committee's note).

## B. Standard of Review of Commissioner's Decision

Judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In so doing, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996).

Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401. However, even under this deferential standard, a court does not "'reflexively rubber-stamp an ALJ's findings.'" Arakas v. Comm'r. Soc. Sec. Admin., 983 F.3d 83, 95 (4th Cir. 2020) (quoting Lewis v. Berryhill, 858 F.3d 858, 870 (4th Cir. 2017)). "To pass muster, ALJs must 'build an accurate and logical bridge' from the evidence to their conclusions.'" Id. (citing Monroe v. Colvin, 826 F.3d 176, 189 (4th Cir. 2016) and quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

## II. Discussion

Roger objects to the following findings by the magistrate judge: (1) The ALJ properly assessed Roger's mental residual functional capacity (RFC); and (2) The ALJ properly considered Roger's subjective allegations.

### A. Mental RFC

The ALJ found that Roger had the RFC to perform a full range of work at all exertional levels but with the following non-exertional limitations: He could not work around unprotected heights; he was limited to instructions and tasks that could be learned in thirty days or less; he could deal with no more than occasional changes in the work setting; and he could have no more than occasional interaction with the public, co-workers, and supervisors. Roger alleged an onset date of September 15, 2014, and he had enough quarters of coverage to remain insured through September 30, 2016. Accordingly, he had to show he became disabled at some point during this period.

The magistrate judge found that the ALJ's assessment of Roger's RFC was supported by the opinions of the state agency consultants, the medical record, and Roger's testimony. The magistrate judge further found that the ALJ adequately explained his opinion and that the court was not left to guess about how he arrived at his conclusions. Roger objects and argues that the RFC assessment is not supported by substantial evidence and the ALJ did not adequately explain how he arrived at his conclusions.

A review of the record shows that the ALJ thoroughly discussed Roger's medical records and the treatment he received from treating psychiatrist Jitendra Desai, M.D., the opinion evidence in the record, and Roger's testimony. The ALJ explained why he discounted

5

Dr. Desai's opinion that Roger had marked limitations in several areas of functioning that would preclude him from working. Dr. Desai found that Roger would have marked difficulties in working in coordination with or in proximity to others without being unduly distracted, performing at a reasonable pace without an unreasonable number and length of rest periods, accepting instructions and responding to criticism from supervisors, responding appropriately to changes in a routine work setting, understanding and remembering detailed instructions, and dealing with the stress of skilled or semiskilled work. A "marked difficulty" was defined as having a serious limitation in this area with substantial loss in the ability to effectively function.

Dr. Desai completed the functional assessment in December 2020 and indicated he had treated Roger for the previous seven to eight years. The ALJ noted that although Dr. Desai stated that Roger had the limitations as far back as 2012 or 2013, as of September 2014 Roger was working at a semiskilled truck driving job, which indicated that he was not precluded from semi-skilled work at that time. The ALJ also found that Dr. Desai opined that Roger would have more difficulty with complicated work but that he otherwise did not have an issue with concentration and the ALJ concluded that the evidence did not support an inability to perform work that could be learned in thirty days or less. The ALJ explained that limiting Roger to work that could be learned in thirty days or less and to only occasional changes in the workplace would prevent him from being overwhelmed and would allow him to focus on simple work which would not require significant focus effort.

Regarding Dr. Desai's opinion that Roger could not work with others without being unduly distracted, the ALJ found that Roger had not testified about social anxiety at the

6

hearing and Dr. Desai did not document social anxiety in his treatment records. The ALJ also noted that Roger was never belligerent with providers and the record did not indicate that he would have great difficulty accepting criticism. Roger did indicate some irritability with others in his testimony, and the ALJ found that his difficulties working around other people would be accommodated by limiting him to occasional interaction with others.

The ALJ further noted that although Dr. Desai concluded that panic attacks would cause Roger to have excessive absenteeism, it was not until December 2019, after his date last insured, that Roger complained of being so drained by a panic attack that he would miss work. Also, he reported in 2013 that he knew what to do when having a panic attack. Additionally, Dr. Desai did not generally observe mood abnormalities when examining Roger. Accordingly, although Roger argues that the ALJ did not explain why he gave only "some" weight to Dr. Desai's opinion about Roger's functional limitations, the court finds that the ALJ adequately explained his reasoning.

The ALJ also noted that in April 2014, Roger reported an increase in his anxiety level after narrowly avoiding an accident in his truck. At that time, he reported that he planned to retire in 2015, indicating that the work was tolerable.

The ALJ further pointed out that Roger was not terminated from his last job in September 2014 because of anxiety or panic attacks, but because he had an accident. Roger attributed the accident to a lack of sleep caused by his caring for his then-wife, who had cancer. After he was terminated, he continued to look for work and filed a complaint with the Equal Employment Opportunity Commission, indicating that he felt he was capable of working. Also, in March 2015, Roger indicated that he had been keeping busy with exercising and

looking for another job, which the ALJ found did not indicate that he was suffering much anxiety.

The ALJ also cited to the findings by state agency mental health experts that Roger could carry out very short and simple instructions and perform simple routine tasks. Their findings were based on evidence in the record that Roger had tangential thinking and concentration difficulties, and the ALJ determined that these difficulties would be accommodated by limiting him to work that could be learned in less than thirty days. The state agency experts also indicated that Roger had some moderate social interaction difficulties but could ask simple questions and maintain socially appropriate behavior, leading the ALJ to conclude that Roger could deal with occasional interaction with others.

Regarding Roger's ability to sustain concentration over the course of an eight-hour day, the ALJ gave significant weight to the opinions of the state agency experts who found that Roger had a moderate limitation in his ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods. A "moderate" limitation means that a person has a fair ability to function in the area independently, appropriately, and effectively on a sustained basis. 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.00(F)(2)(c). The court finds that the ALJ's reliance on the state agency expert opinions indicates that he found Roger has a fair ability to sustain concentration over the course of an eight-hour workday.

Roger disagrees with the ALJ's conclusions and objects that some of them are "inexplicable." However, the court agrees with the magistrate judge that the ALJ supported

his findings and conclusions with detailed references to the record and that he provided clear explanations for his determinations regarding Roger's RFC. Roger's objection to this finding is **OVERRULED**.

### B. Subjective Allegations

The magistrate judge found that the ALJ thoroughly evaluated Roger's subjective allegations and assessed them using the two-step framework set forth in 20 C.F.R. § 404.1529(b) and <u>Social Security Ruling 16-3P Titles II and XVI: Evaluation of Symptoms in Disability Claims</u>, 2016 WL 1119029 (S.S.A. Mar. 16, 2016). Roger objects to this finding, but a review of Roger's objections indicates that they are a rehashing of the arguments he made to the magistrate judge. <u>Compare</u> Objs., ECF No. 20, <u>with</u> Mem. in Support of Pl.'s Mot. for Summ. J., ECF No. 15. Accordingly, they are not proper objections.

The court has reviewed for clear error the magistrate judge's assessment of the ALJ's determination that Roger's subjective allegations were not entirely consistent with the other evidence in the record and no error was found. The ALJ cited to evidence indicating that Roger was not as negatively impacted by symptoms of anxiety and depression as he indicated in his testimony. The court concludes that the ALJ properly considered Roger's allegations of disabling symptoms and his decision that the allegations were not consistent with other evidence in the record is supported by substantial evidence. Accordingly, the court **OVERRULES** Roger's objection to this finding by the magistrate judge.

## III. Conclusion

In accordance with the foregoing, the court hereby **ADOPTS** the Report and Recommendation of the magistrate judge, ECF No. 19, and **AFFIRMS** the decision of the

Commissioner. Roger's motion for summary judgment, ECF No. 14, is **DENIED**. The Commissioner's motion for summary judgment, ECF No. 18, is **GRANTED**.

It is so **ORDERED**.

Entered: August 31, 2022

Michael F. Urbanski
Chief United States District Judge